# United States District Court
# For the Western District of Washington

Seattle Division

| | |
|---|---|
| **CHRISTINE HARPER**, an individual and **Willie RUSSELL** an Individual<br>　　　Plaintiff<br>　　　v.<br><br>**Deputy Sheriff Zoellin,** a law enforcement officer of the Snohomish County Sheriff's Office; **Deputy Sheriff Berg**, a law enforcement officer of the Snohomish County Sheriff's Office; **Deputy Sheriff Sgt. Dill**, a law enforcement officer of the Snohomish County Sheriff's Office; **Deputy Sheriff Keith Rogers**, a law enforcement officer of the Snohomish County Sheriff's Office and are sued in their individual and Official Capacity; and **Does 1-10,** who are law enforcement officers from the Snohomish Sheriff's Officer, the DOC and other Washington State law enforcement agencies, inclusive<br><br>　　　Defendants | Case No.:<br><br>**Complaint For Damages:**<br>**Battery, Assault, Trespass ,Infliction Of Emotional Distress under state Law;**<br>**Violation Of The 4th Amendment: Excess Force;**<br>**Violation of the 4th Amendment: Unlawful search;**<br>**Violation Of The 1th Amendment: retaliation for speech;  Injunctive Relief**<br><br><br>JURY TRIAL REQUESTED: |

## PRELIMINARY STATEMENT

1　　　This is an action for Damages and injunctive relief brought as a result of injuries sustained by Christine Harper, a citizen of the United States, against the individuals involved in

the misconduct underlying this Complaint and ratified by officials of the Snohomish Sheriff's Office

2       The Sheriff of Snohomish County is the ultimate supervisory officer responsible for the conduct of the defendants and for his failure to: (i) take corrective action with respect to personnel whose vicious propensities were apparent as a result of this incident and other incidents, (ii) assure proper training and supervision of the personnel; or (iii) implement meaningful procedures to discourage lawless official conduct and are herein sued under 42 U.S.C. §§ 1983, 1985, 1986; 1988 and State Causes of action for assault, battery, trespass and Infliction of Emotional Distress,;

3       As a result of injuries sustained by the Plaintiffs, this action for damages is brought against: **Deputy Sheriff Zoellin,** a law enforcement officer of the Snohomish County Sheriff's Office; **Deputy Sheriff Berg**, a law enforcement officer of the Snohomish County Sheriff's Office; **Deputy Sheriff Sgt. Dill**, a law enforcement officer of the Snohomish County Sheriff's Office; **Deputy Sheriff Keith Rogers**, a law enforcement officer of the Snohomish County Sheriff's Office who are sued in their individual and Official Capacity; and **Does 1-10**, of the Snohomish County Sheriff's Office or/and The Washington State Department of Corrections and/or other Washington State Law Enforcement Agencies. Defendants used excessive and unreasonable force, conducted a warrantless search of private property, and subjected the Plaintiff to emotional injury when they forced their way into her property carrying assault weapons in the ready position, thus threatening the use of deadly force against the Plaintiff. Plaintiff filed a complaint with the Sheriff's Office. Plaintiff alleges that the Defendants actions were based in part on the speech of her husband and were designed to intimidate both of the Harpers. Plaintiffs further assert that the actions of the defendants was intended to chill is speech and prevent him from running for a political office. They are sued as persons under 42 U.S.C. §§ 1983; 1985, 1986, and 1988 and state law

**FEDERAL JURISDICTION AND VENUE**

Complaint

Page 2

The Law Firm Of *Kallis* & Assoc. P.C.
321 High School Rd. D3
Bainbridge Island WA 98110
888 441 1529 / 206 317 6287

The Law Office of Olmstead and Somers LLC
P.O. Box 68, Poulsbo WA 98370.
360 779 8980

4       This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth, Amendments to the United States Constitution as well as any pendant state claims for which this court has jurisdiction under 28 USC 1367.

5       The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1331, 1343, 1345, and 1367.

6       The proper venue for this case is the Seattle Division of the United States District Court for the Western District of Washington because all of the acts, omissions, violations, events, and conduct alleged herein occurred in Snohomish County, Washington.

## PARTIES

7       **Plaintiff Willie Russell** at all times relevant to the allegations of this Complaint was a resident of the State of Washington, and a citizen of the United States (hereinafter "Russell").

8       **Plaintiff Christine Harper** at all times relevant to the allegations of this Complaint was a resident of the State of Washington, and a citizen of the United States (hereinafter "Christine").

9       At all times relevant hereto, defendants were employed in the State of Washington, as employees of the Snohomish Sheriff's Office (hereinafter SCSD) or the Department of Corrections for the State of Washington. They performed their duties under color of law. At all relevant times, they were acting in such capacity as the agent, servant, and employee of SCSD or the DOC. They are sued individually and in their official capacity.

10      Plaintiff is unaware of the true identities or capacities of DOES 1-10, and on that basis sue them under fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant sued herein fictitiously is responsible in some manner for the events and occurrences referred to herein. Once Plaintiff discovered the true identity and capacities of

Complaint

Page 3

The Law Firm Of *Kallis* & Assoc. P.C.
321 High School Rd. D3
Bainbridge Island WA 98110
888 441 1529 / 206 317 6287

The Law Office of Olmstead and Somers LLC
P.O. Box 68, Poulsbo WA 98370.
360 779 8980

DOES 1 through 10, Plaintiffs will amend their Complaint to identify them by their true names and capacities.

11	Plaintiff are further informed and believe and thereon allege that at all times referred to herein, each defendant, including DOES 1 through 10, inclusive, was the principal, agent, employer, or employee, of each of the other defendants, and was acting within the course and scope of that agency or employment and under color of law at all times relevant hereto. Further, the acts of defendants, and each of them were ordered, approved, adopted, ratified, or acquiesced in by the remaining defendants, and each of them.

12	Plaintiffs further allege that the defendants knew that officers in their presence during the incident were violating the Constitution of the United States but took no action to prevent the violations or to terminate the unlawful actions of their fellow Defendants.

## FACTS COMMON TO EACH ALLEGATION

13	On June 16, 2017, at or around 1130 hours, Plaintiff Christine was not engaged in any criminal conduct. She was on her private property (12018 1st Ave. SE, Everett Washington, 98208) engaged in every day household chores. She was not a threat to any law enforcement officer, or any other person on or near to her private property. The Defendants knew that there was no report of, or assertion that, she had assaulted or attacked or threatened anyone, including the Defendants.

14	Defendants did not have an arrest warrant naming Christine Harper and had received no report that she had committed a felony, or committed a misdemeanor in their presence.

15	Defendants did not have, nor had they requested, a search warrant for 12018 1st Ave. SE in Everett WA. The defendants, and each of them, had no knowledge that Christine had violated any ordinance, statute or law and had not seen her violated any ordinance, statute or law.

16	The Defendants did not have a warrant for the arrest of Russell or the search of Russell's property.

Complaint

Page 4

The Law Firm Of *Kallis* & Assoc. P.C.
321 High School Rd.  D3
Bainbridge Island WA 98110
888 441 1529 / 206 317 6287

The Law Office of Olmstead and Somers LLC
P.O. Box 68, Poulsbo WA 98370.
360 779 8980

17      Defendants knowingly and intentionally used unnecessary, improper and unlawful physical force against plaintiff in that they grabbed Christine while she was closing a gate and broke her hand. Christine had not been placed under arrest nor had she been told to submit to the authority of the Defendants. She had not been told to leave the gate open or to cease from performing any actions.

18      On Friday, June 16, 2017 at approximately 11:45 a.m., Russell- returned home from gathering signatures on a petition drive. He pulled onto his property outside the driveway gate, unlocked the gate, and returned to his truck. Within a minute, multiple vehicles from the Snohomish County Sheriff's Department (hereinafter SCSD) pulled onto our street, and stopped outside the gate. Russell pulled his truck further up into his driveway.

19      He was approached by two officers. He advised them to leave the property, turned and walked around the back of the house to the garage. At this point, Harper came out of the house and asked the two officers that approached what was going on. They turned toward her but said nothing. Harper also asked the Deputies to leave the property. The Deputies then walked down the driveway and stopped just outside the driveway gate. Harper attempted to close the gate and secure it with the padlock. One of the officers standing outside the gate, began pulling it back open. The deputy jerked the gate so hard that it impacted Harper's left foot/ankle. She shouted at him "You're going to break my ankle!" The Deputy did not let go of the gate but continued to push it open.

20      At the same time, the other officer came back to the gate opening and grabbed her right hand, which was holding the lock. The Deputy suddenly and with great force grabbed Harpers hand and twisted it in such a way that he was able to force the padlock from Harpers hand. This violent control move is designed to and did caused immediate pain. Harper looked at her right hand, and her 4th finger was deformed and sticking out to the side. She told the officer "I think you just dislocated my finger!!" He immediately turned around and walked back to his vehicle parked across the Street and made no comment in return.

21      In great pain, Harper attempted to go into her home to get ice and contact 911. The officer who pulled the gate back grabbed Harper by her injured right hand and shirt collar,

Complaint

Page 5

The Law Firm Of *Kallis* & Assoc. P.C.
321 High School Rd. D3
Bainbridge Island WA 98110
888 441 1529 / 206 317 6287

The Law Office of Olmstead and Somers LLC
P.O. Box 68, Poulsbo WA 98370.
360 779 8980

and yanked her back towards the gate and street. At that point, the office that had twisted and injured Harper's hand came back across the street, grabbed her by both wrists and forced her arms behind her back, and ordered her to "Walk backwards, walk backwards", until she was behind his vehicle on the other side of the street.

22    Harper asked the officer who had twisted her hand and caused the original hand injury for his name. He responded it was Berg. Harper asked him what they were there for. He said they were told Russell had trespassed at Mariner High School. He asked how Harper was feeling - She told him she was in extreme pain, and very concerned with all that was going on. Harper was not cuffed but she was held behind the police car in the officer's custody and control.

23    At this point, Harper saw multiple officers proceeding up the driveway with long rifles at the ready, pointed toward the garage. Based on the officers using assault rifles, for a simple trespassing complaint, Harper was terrified that the officers would fire their assault rifles at her or Russell.

24    Harper informed Defendants several times that they had damaged her hand and that she needed medical aid. Defendants ignored Harper's requests, and in fact refused to provide her medical assistance. The failure to provide medical care is exacerbated by their active attempts to interfere with Harper's calls to 911 for aid (see below).

25    A few minutes later another SCSD vehicle pull up to the corner at 120 & 1st Ave. SE. Harper saw an officer step out of his vehicle, give a circling motion with his arm held above his head. Almost immediately after the signal all the officers returned to their vehicles and left. Officer Berg "escorted" Harper back to the gate, where he retrieved the padlock that he'd thrown into the ditch, handed it to her, and patted her on the back, in what appeared to be a nice doggie type of action.

26    After the SCSD left Harper called 911 multiple times for Medical Aid. These calls went unheeded. Harper learned that Defendant SCSD Sgt. Dill reported there was no injury sustained, and as a result of his intentional and malicious actions, the medical response was called off three times!!!

Complaint

Page 6

The Law Firm Of *Kallis* & Assoc. P.C.
321 High School Rd.  D3
Bainbridge Island WA 98110
888 441 1529 / 206 317 6287

The Law Office of Olmstead and Somers LLC
P.O. Box 68, Poulsbo WA 98370.
360 779 8980

27   After being refused medical treatment by the Defendants and having her repeated calls for 911 medical assistance ignored due to Defendant's intervention, Russell transported Harper to the Fire Station. At the Fire Station she was evaluated by paramedics and told that she needed to seek treatment. They offered to transport her, which she declined, as her husband, Russell, was there and he transported her to the ED at PRMCE.

28   While being given medical treatment the forensic assault nurse - Carmen - was starting her intake interview. Carmen was involved because Harper had stated that she had been intentionally injured by SCSD officers. Harper asked that Carmen contact the SCSD to have them take a report. Carmen left the room. Russell also left the room for a period of time. Carmen returned to the room and said that she had talked with Sgt. Dill, and that he indicated they would not respond, nor take a report. She finished her interview and left.

29   About an hour later, Russell attempted to return to the ED, He was confronted by hospital security, and told that Harper had requested privacy, and did not want to see him He was told to leave the property, and was escorted out by security. Harper had not requested that Russell leave. In fact she wanted Russell present for personal and practical reasons. After care was completed Harper was stranded without a phone or purse due to her husband being improperly barred from the premises

30   The SCSD actively attempted to cover up the incident. Harper and Russell made multiple requests that a report be taken by the SCSD. The SCSD refused to take a report each time that Harper asked them to do so. Harper believes and thereon alleges that the refusal to take the report was because the Defendants wanted to "cover up" the incident. "if there is no report or other paper trail then it did not happen."

31   Harper never consented to, or authorized Defendants, to make physical contact with her and she was never advised that she was being detained or arrested or that force would be used, before the force was used and she was physically removed and held against her wishes. Defendants did not warn Harper that they were going to use force. The excessive, unwanted, unauthorized force used on Harper by Defendants was done under color of authority. Defendants, and Supervisors, who were present and aware of the warrantless

Complaint

Page 7

The Law Firm Of *Kallis* & Assoc. P.C.
321 High School Rd.  D3
Bainbridge Island WA 98110
888 441 1529 / 206 317 6287

The Law Office of Olmstead and Somers LLC
P.O. Box 68, Poulsbo WA 98370.
360 779 8980

search and the illegal seizure of Harper failed to prevent the search and use of excess force, or to prevent the unlawful entry onto the property of the Plaintiffs.

32   Neither Russell nor Harper gave permission or acquiesced to the search of their property, entry of the officers to the gated area, the seizure of Harper or any of the actions of the Defendants between the times that they arrived at the property until they left.

33   Plaintiff was injured both physically and emotionally by the acts of violence perpetrated upon her person by the Defendants. These injuries include, but are not limited to, bruising, cuts and scrapes, broken bones and sever pain. Plaintiff seeks damages according to proof at trial. Plaintiffs had their right to privacy, and their 4th Amendment Rights violated. Harper was denied medical attention and Dill actively sought to prevent Harper from receiving necessary medical assistance.

34   Both Harper and Russell voice opposition to political action taken by employees and elected officials of Snohomish County and the political subdivisions therein.

35   In addition to monetary damages and punitive damages, the Plaintiffs seeks injunctive relief in that SCSD be required to train their officers in the Constitutional limitations to their use of force and power to search.  And that a policy be implemented by the SCSD that whenever a person claims injury that the SCSD actively assist the person in getting medical aid and evaluation by trained emergency personnel. Defendants did intentionally inflict injury on the plaintiff in violation of Plaintiff's Civil Rights.

36   Said actions were taken with evil motive or intent, or with a reckless or callous indifference to the constitutional rights of the Plaintiff in violation of 42 USC 1983 under the 4th Amendment and RCCW 10.79.040; Wash Constitution Art. 1 § 3; Deliberate indifference to medical needs under the 14th Amendment.

### First Cause of Action - Battery

37   Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through paragraph 36 plus ¶45 through 95

Complaint

Page 8

The Law Firm Of *Kallis* & Assoc. P.C.
321 High School Rd.  D3
Bainbridge Island WA 98110
888 441 1529 / 206 317 6287

The Law Office of Olmstead and Somers LLC
P.O. Box 68, Poulsbo WA 98370.
360 779 8980

38     Defendants did make offensive physical contact with Plaintiff Harper by twisting her wrist, running a gate into her foot, twisting her arms behind her back and pushing her into or onto a police vehicle.

39     Defendants then entered Harper's Property with assault rifles at the ready and did place her in fear of physical harm by their threatening conduct.

40     Said contact was made without Harpers consent or approval.

41     All offensive contact was initiated by the defendants, and done without probable cause to believe that Harper had committed a crime or was about to commit a criminal act or violation of law. Defendants engaged in the offensive physical contact in order to illegally enter and search her property without a warrant or reasonable suspicion that Harper had violated any law.

42     Harper did not threaten the Defendants or act in such a manner that the defendants had a reasonable fear for their safety.

43     Said actions were done to intimidate Harper and get her out of the way so that they could conduct an illegal search. These actions were done maliciously and in bad faith.

44     Harper seeks special and general damages and punitive damages against the defendants individually and jointly. Harper and Russell seek injunctive relief as set forth below.

### Second Cause of Action - Trespass

45     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through paragraph 44 plus ¶51 through ¶95.

46     Defendants did not have a warrant to enter Harper's and Russell's property or to arrest any person thereon.

47     Defendants were informed by Harper that they did not have permission to enter her property or to search her property. Harper furthermore ordered the defendants to immediately leave her property.

Complaint

Page 9

The Law Firm Of *Kallis* & Assoc. P.C.
321 High School Rd. D3
Bainbridge Island WA 98110
888 441 1529 / 206 317 6287

The Law Office of Olmstead and Somers LLC
P.O. Box 68, Poulsbo WA 98370.
360 779 8980

48   Rather than leave the property and obtain a warrant, Defendants did seize harper and when she was constrained entered the property and conducted a search thereof.

49   The trespass was done to intimidate Harper and Russell and to get Harper out of the way so that they could conduct an illegal search. These actions were done maliciously and in bad faith.

50   Harper seeks special and general damages and punitive damages against the defendants individually and jointly. They also seek injunctive relief as set forth below.

### Third Cause of Action - Assault

51   Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through paragraph 50 plus ¶59 through ¶95.

52   Defendants assaulted Plaintiffs by entering the Plaintiffs' property while displaying assault weapons in a threating manner, which was a display on unnecessary force and unlawful force. This display of force was done with the intent to create apprehension and fear of bodily injury, and which created a reasonable apprehension and imminent fear of bodily injury even though the Defendants did not actually inflict bodily injury through the use of the assault weapons.

53   Defendants had no reasonable belief or articulable facts that Harper or Russell were an imminent threat to them or to others. They had no warrant to arrest anyone on the property for any felony or misdemeanor.

54   The assault was done to intimidate Harper and Russell and to get Harper out of the way so that they could conduct an illegal search. The search and the assault were intended to intimidate Plaintiffs to cease their criticism of the policies and politicians in Snohomish County. These actions were done maliciously and in bad faith.

55   Harper seeks special and general damages and punitive damages against the defendants individually and jointly. They also seek injunctive relief as set forth below.

### Fourth Cause of Action Infliction Of Emotional Harm

Complaint

Page 10

The Law Firm Of *Kallis* & Assoc. P.C.
321 High School Rd. D3
Bainbridge Island WA 98110
888 441 1529 / 206 317 6287

The Law Office of Olmstead and Somers LLC
P.O. Box 68, Poulsbo WA 98370.
360 779 8980

56     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through paragraph 55 plus ¶61 through¶ 95.

57     The actions of the Defendants put plaintiffs in fear for their safety and for their property. Plaintiffs continue suffer anxiety and fear when around Snohomish County law enforcement officers.

58     This ongoing fear has created emotional harm and has reduced the Plaintiffs ability to enjoy life.

59     The actions of the defendants were done to intimidate Harper and Russell and to get Harper out of the way so that they could conduct an illegal search. The search, trespass, battery and the assault were intended to intimidate Plaintiffs so that Plaintiffs would cease their criticism of the policies and politicians in Snohomish County. These actions were done maliciously and in bad faith.

60     Harper and Russell seeks special and general damages and punitive damages against the defendants individually and jointly. They also seek injunctive relief as set forth below.

### Fifth Cause of Action – Count 1
### False Arrest of C. Harper Brought Under the 4th Amendment

61     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through paragraph 60 plus ¶ 69 through ¶ 95.

62     Defendants through the use of physical force and threat took Harper from her property to a police vehicle down the street. Harper would not have voluntarily gone to the vehicle, but was forced to do so by threat and physical force exerted by law enforcement officers. She was then held at the vehicle and not allowed to leave.

63     Harper submitted herself to the officers and did not believe she was free to leave or to ignore them. Any reasonable person subject to similar treatment would believe that they were not free to leave.

Complaint

Page 11

The Law Firm Of *Kallis* & Assoc. P.C.
321 High School Rd.  D3
Bainbridge Island WA 98110
888 441 1529 / 206 317 6287

The Law Office of Olmstead and Somers LLC
P.O. Box 68, Poulsbo WA 98370.
360 779 8980

64     Harper had not violated any laws or ordinances and there was no warrant for her arrest.

65     The defendants knew that there was no warrant for harper's arrest and that they had not seen Harper violated any laws. Defendants had no reasonable suspicion that Harper had violated any law and had no articulable facts to show that she had violated any law.

66     The actions of the defendants were done to intimidate Harper and Russell and to get Harper out of the way so that they could conduct an illegal search. The search, trespass, battery and the assault were intended to intimidate Plaintiffs so that Plaintiffs would cease their criticism of the policies and politicians in Snohomish County. These actions were done maliciously and in bad faith.

67     Harper and Russell seeks special and general damages and punitive damages against the defendants individually and jointly. They also seek injunctive relief as set forth below.

### Fifth Cause of Action – Count 2
### Excess Physical Force Used against C. Harper Brought Under the 4th Amendment

68     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through paragraph 67 plus ¶77 through 95.

69     Harper was subject to physical force that broke bones in her hand, and inflicted injury on her foot and wrist, as well as shoulders. Harper was not wanted for any crime and had not violated any statute or ordinance in the presence of the Defendants.

70     No officer told Harper she would be arrested or that physical force would be used against her.

71     Harper did not resist the officers, nor did she do anything other than ask if the officers had a warrant and then told them to leave when they said no.

Complaint

Page 12

The Law Firm Of *Kallis* & Assoc. P.C.
321 High School Rd.  D3
Bainbridge Island WA 98110
888 441 1529 / 206 317 6287

The Law Office of Olmstead and Somers LLC
P.O. Box 68, Poulsbo WA 98370
360 779 8980

72	The use of force against Harper was not based on any resistance or threat of resistance, but was based on her questioning of the Defendants authority to be on her property.

73	Harper was both physically and emotionally injured by the use of excess force.

74	The use of force by the defendants was done to intimidate Harper and Russell and to get Harper out of the way so that they could conduct an illegal search and to stifle Harper's right to criticize the Snohomish County officials and law enforcement officers. The use of force was done without legal justification and was intended to intimidate Plaintiff so that Plaintiff would cease making critical comments about the policies and politicians in Snohomish County. These actions were done maliciously and in bad faith.

75	Harper seeks special and general damages and punitive damages against the defendants individually and jointly. They also seek injunctive relief as set forth below.

### Fifth Cause of Action – Count 3
### Excess Force Used Against both Plaintiffs Brought Under The 4th Amendment

76	Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through paragraph 75 plus ¶81 through ¶ 95.

77	The threat of use of deadly force by the defendants, through the deployment and pointing of assault weapons, was not justified by the circumstances or by the behavior of the Plaintiffs. Defendants had no arrest warrant, Plaintiffs had made no threats nor had plaintiffs resisted the lawful actions of the Defendants.

78	The use of force by the defendants, (the carrying and pointing of assault weapons against unarmed citizens who had not committed a felony, or for that matter any crime), was done to intimidate Harper and Russell and to get Harper out of the way so that they could conduct an illegal search and to stifle Harper and Russell's right to criticize the Snohomish County officials and law enforcement officers. The use of force was done without legal justification and was intended to intimidate Plaintiffs so that Plaintiffs would cease making

Complaint

Page 13

The Law Firm Of *Kallis* & Assoc. P.C.
321 High School Rd.  D3
Bainbridge Island WA 98110
888 441 1529 / 206 317 6287

The Law Office of Olmstead and Somers LLC
P.O. Box 68, Poulsbo WA 98370.
360 779 8980

critical comments about the policies and politicians in Snohomish County. These actions were done maliciously and in bad faith.

79   Harper seeks special and general damages and punitive damages against the defendants individually and jointly. They also seek injunctive relief as set forth below.

### Fifth Cause of Action – Count 4
### Illegal Warrantless Search of the Plaintiffs' Property Brought Under The 4th Amendment

80   Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through paragraph ¶ 79 plus ¶ 89 through ¶95.

81   Defendants did not have an arrest warrant naming Christine Harper and had received no report that she had committed a felony, or committed a misdemeanor in their presence.

82   Defendants did not have, nor had they requested, a search warrant for 12018 1st Ave. SE in Everett WA. The defendants, and each of them, had no knowledge that Christine had violated any ordinance, statute or law and had not seen her violated any ordinance, statute or law.

83   The Defendants did not have a warrant for the arrest of Russell or the search of Russell's property and had not observed Russell commit any crime.

84   Notwithstanding these facts, Defendants did enter and or search the private property of Plaintiffs after plaintiffs had requested that they leave and had refused them permission to enter or search the property.

85   No exigent circumstances allowed for the search of the Plaintiffs property or the entry onto their land which was behind a locked gate.

86   The entry onto and the search of the Plaintiffs property by defendants was done intentionally and without probable cause and was intended to frighten the Plaintiffs and to stifle Harper and Russell's right to criticize the Snohomish County officials and law enforcement officers. The search was done maliciously and in bad faith.

Complaint

Page 14

The Law Firm Of *Kallis* & Assoc. P.C.
321 High School Rd. D3
Bainbridge Island WA 98110
888 441 1529 / 206 317 6287

The Law Office of Olmstead and Somers LLC
P.O. Box 68, Poulsbo WA 98370
360 779 8980

87     Harper and Russell seeks special and general damages and punitive damages against the defendants individually and jointly. They also seek injunctive relief as set forth below.

### Sixth Cause of Action
### Violation of Russell's and Harper's Freedom of Speech Rights as Protected by the 1st Amendment

88     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through paragraph 87.

89     Russell and Harper believe that the Snohomish County politicians and law enforcement officers are exceeding their authority and have spoken out about these issues and published flyers and other material critical of the Snohomish County officials.

90     Defendants' action are part of a continuing series of harassments and intimidations directed toward Russell and Harper designed to stifle their speech. The use of law enforcement to harass a citizen would cause an ordinary person to be fearful of future retaliation if they spoke out against the offending public officials.

91     The actions set forth above and others which will be itemized after discovery, were intended to stifle speech and are a violation of the 1st amendment.

92     The entry onto and the search of the Plaintiffs property by defendants and the improper use of force and false arrest was done intentionally and without probable cause and was intended to frighten the Plaintiffs and to stifle Harper and Russell's right to criticize the Snohomish County officials and law enforcement officers. These actions were done maliciously and in bad faith.

93     Harper and Russell seek special and general damages and punitive damages against the defendants individually and jointly. They also seek injunctive relief as set forth below.

Complaint

Page 15

The Law Firm Of *Kallis* & Assoc. P.C.
321 High School Rd. D3
Bainbridge Island WA 98110
888 441 1529 / 206 317 6287

The Law Office of Olmstead and Somers LLC
P.O. Box 68, Poulsbo WA 98370.
360 779 8980

WHEREFORE, Plaintiff's demand judgment from the defendants for:

1. General damages according to proof;
2. Special damages for medical expenses according to proof;
3. Exemplary damages according to proof;
4. Attorney fees as allowed by statute; 42 U.S.C. §1988
5. Costs of Suit;
6. Such other damages and relief as this court may deem just and proper.
7. Injunctive relief as requested below;

Plaintiff requests that the Court enter an order requiring that the Snohomish County Sheriff's Department publish every three months, in a publication of general circulation, the following information:

> \# of written complaints received concerning officer conduct;
> \# of oral complaints received concerning officer conduct;
> A breakdown of the type of complaint i.e. excess force, rude behavior etc.;
> \# of complaints sustained and unfounded for each category above;
> Types of remedial action take for complaints sustained by category above;
> \# of officers with prior complaints for the same conduct by category above;
> \# of suspects shot;
> \# of suspects bitten by police dogs;
> \# of officers injured by suspects;
> \# of suspects taken for hospital examination due to injuries allegedly caused by officer actions;
> $ paid out to for all complaints received (cumulative);
> $ expended to investigate complaints and $ spent to defend law suits (cumulative):
> And a short statement on the Sheriff's Department's analysis of the above information.

Buy publishing this information the public will be informed about the problems, solutions and professionalism of the Sheriff's office. This information does not invade

Complaint

Page 16

The Law Firm Of *Kallis* & Assoc. P.C.
321 High School Rd. D3
Bainbridge Island WA 98110
888 441 1529 / 206 317 6287

The Law Office of Olmstead and Somers LLC
P.O. Box 68, Poulsbo WA 98370.
360 779 8980

the privacy of the officers, investigation details, or other information exempted from the Washington PRA. The publication will promote public discussion and promote the perception of a transparent and fair law enforcement agency.

Dated: June 5, 2018                The Law Firm of *Kallis* & Assoc. P.C.

/S/ Jeff Kallis
M. Jeffery Kallis (SB WA# 27855 CA # 190028)
Co-Counsel for the Plaintiff

Dated: June 5, 2018                The Law Office of Olmstead & Somers, LLC

/S/ Thomas S. Olmstead
Thomas S. Olmstead
Co-Counsel for the Plaintiff

Complaint

The Law Firm Of *Kallis* & Assoc. P.C.
321 High School Rd.  D3
Bainbridge Island WA 98110
888 441 1529 / 206 317 6287

The Law Office of Olmstead and Somers LLC
P.O. Box 68, Poulsbo WA 98370.
360 779 8980

Page 17