THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIE RUSSELL,

          Plaintiff,

v.

DEPUTY SHERIFF ZOELLIN, *et al.*,

          Defendants.

CASE NO. C18-0827-JCC

ORDER

This matter comes before the Court on non-party Snohomish County's (the "County") motion to quash (Dkt. No. 35). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I. **BACKGROUND**

This is a civil rights action, in which Plaintiff alleges that Defendants, several Snohomish County Sheriff's deputies, illegally entered his property and used excessive force against him during an incident on June 16, 2017. (Dkt. No. 1 at 5.) Plaintiff alleges that Defendants—who were purportedly responding to a report that Plaintiff had been trespassed from a local high school—entered his driveway without permission or a warrant, while brandishing rifles. (*Id.*) Plaintiff alleges that Defendants' actions violated the Fourth Amendment, and were also undertaken to "stifle his speech" in violation of the First Amendment. (*Id.* at 13–15.)

On February 28, 2019, Defendants filed a motion for summary judgment asserting, among other things, that they are immune from civil liability under the doctrine of qualified immunity. (*See* Dkt. No. 28.) Defendants sought a stay of discovery pending the Court's decision on their motion for summary judgment. (Dkt. No. 15.) On April 11, 2019, Plaintiff issued a subpoena on the County, which sought eight separate categories of documents and records. (*See* Dkt. No. 36 at 5–14.) On April 18, 2019, the County filed a motion to quash the subpoena arguing that the Court had not yet ruled on its pending motion to stay discovery, and that the subpoena placed an undue burden on the County and did not provide sufficient time to comply. (Dkt. No. 35.)

On April 22, 2019, the Court denied Defendants' motion to stay discovery and set a new briefing schedule for Defendants' motion for summary judgment. (Dkt. No. 40.) The Court explicitly reserved ruling on the County's motion to quash, which it now does in this order. (*Id.*)

## II. DISCUSSION

District courts are required to quash or modify a subpoena that does not allow a reasonable time to comply or subjects a person to undue burden. Fed. R. Civ. P. 45(b)(3)(A)(i), (iv). In determining whether a subpoena imposes an "undue burden," district courts consider "the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979). The party resisting discovery has the burden to demonstrate why discovery should not be permitted. Fed. R. Civ. P. 26(b); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (noting that the moving party bears the burden of persuasion on a motion to quash).

Plaintiff's subpoena seeks eight categories of documents, which he asserts are relevant to his claims. (*See* Dkt. No. 39.) The County asserts that Plaintiff's subpoena subjects it "to an undue burden to perform an exhaustive search for materials of questionable relevance, fails to allow a reasonable time to comply, and defeats the very purpose of qualified immunity – to

guard against interfering with government operations through burdensome discovery where there is no violation of an established constitutional right." (Dkt. No. 35 at 1.) As an initial matter, the Court rejects the County's motion to quash to the extent it argues that discovery should be stayed pending the Court's ruling on the qualified immunity issue. (*See* Dkt. No. 38) (Court's denial of Defendants' motion to stay discovery pending resolution of their motion for summary judgment). The Court examines each of the subpoena's eight "requests for production" to determine whether they allow the County enough time to comply or impose an undue burden.

- *Request for Production # 1*: Produce every police report, contact slip or card, memorandum, e-mail or written notice, and or audio recording that was created by, the Snohomish County Sheriff's Office, or any of its employees or agents, between 01/01/2011 and 1/31/2017, that names or mentions or refers or relates to Willie Russell. (Reports previously provided should not be duplicated.) (Dkt. No. 36 at 8.)

The requested documents are relevant to Plaintiff's First Amendment retaliation claim. The documents could contain information, or lead to the discovery of relevant evidence, that tends to prove that Defendants' actions were undertaken in retaliation for Plaintiff's alleged criticism of the County. Moreover, the subpoena provided the County with sufficient time to comply. Therefore, the County's motion to quash is DENIED as to request for production #1.

- *Request for Production #2*: Produce all reports that document or memorialize the unintentional firing or discharge of a Patrol Rifle or shotgun by a Snohomish County Sheriff's Office Employee between 01/01/2012 and 12/12/2017. (*Id*. at 8.)

The requested documents are irrelevant to Plaintiff's claims and are not likely to lead to the discovery of relevant evidence. Plaintiff does not allege that Defendants, or anyone involved in the incident, unintentionally discharged a rifle or shotgun, or that any firearm was discharged. Because the records sought are not relevant to Plaintiff's claims, their production would place an undue burden on the County. Therefore, the County's motion to quash is GRANTED as to request for production #2.

//

- *Request for Production #3*: Produce every training document the Snohomish Sheriff Office used, or made available to its employees between 01/01/2011 through 12/31/2017, that provides instruction about process, procedures, policies or legal rulings on when a loaded fire arm can or should not, be pointed at a citizen by a member of (employee of) the Snohomish County Sheriff's Office. (*Id.* at 8.)

The requested documents are irrelevant to Plaintiff's claims and are not likely to lead to the discovery of relevant evidence regarding whether Defendants used excessive force in violation of the Fourth Amendment. Courts analyze excessive force claims by determining whether a police officer's actions were "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (citation and internal quotation marks omitted). The Department's training policies are not relevant to the excessive force inquiry, and the Court struggles to see how they are relevant to any of Plaintiff's other claims.

Defendants point out that Plaintiff's request for training documents appears to be targeted at establishing that the County could be subject to *Monell* liability for Defendants' actions. (Dkt. No. 35 at 5); *see Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978) (holding that municipalities can be held directly liable under 42 U.S.C. § 1983 for constitutional deprivations committed by their employees pursuant to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers."). However, the County is not named as a Defendant, nor is Plaintiff seeking to join it to this lawsuit. (*See* Dkt. No. 38.) Because the records sought are not relevant to Plaintiff's claims, their production would place an undue burden on the County. Therefore, the County's motion to quash is GRANTED as to request for production #3.

- *Request for Production #4*: Produce every training document the Snohomish Sheriff Office used, or made available to its employees between 01/01/2011 through 12/31/2017, that provides instruction or training in the process, procedures, policies, or legal rulings on when a report must be written and or when an interaction between a member of the police and an employee of the Snohomish County Sheriff's Office should be memorialized in a tangible form. (Dkt. No. 36 at 8.)

The requested documents are irrelevant to Plaintiff's claims and are not likely to lead to the discovery of relevant evidence. Plaintiff does not allege that Defendants' failure to write a report represents a constitutional violation. As described above, the County's training policies are not relevant to whether Defendants violated Plaintiff's constitutional rights. Because the records sought are not relevant to Plaintiff's claims, their production would place an undue burden on the County. Therefore, the County's motion to quash is GRANTED as to request for production #4.

- *Request for Production #5*: Produce copies of the complaint for any legal action filed against the Snohomish County Sheriff's Office, or any of its employees, for a violation of Civil Rights (1st Amendment; 4th Amendment; 5th Amendment; and or 14th Amendment of the United States Constitution) as authorized by 42 U.S.C. 1983, between 1/1/2011 and 12/12/2017. (*Id*. at 8.)

The requested documents are relevant to Plaintiff's First and Fourth Amendment claims. The documents could contain information, or lead to the discovery of other relevant evidence, that tends to prove that Defendants' actions constituted excessive force, amounted to an illegal search, or were undertaken in response to Plaintiff's criticism of the County. However, the request for production is overly broad in that it seeks information regarding claims—violations of the Fifth and Fourteenth Amendments—that are not at issue in this lawsuit. Therefore, the Court modifies request for production #5 as follows: "The County shall produce copies of the complaint for any legal action filed against the Snohomish County Sheriff's Office, or any of its employees, for a violation of the 1st or 4th Amendments of the United States Constitution as authorized by 42 U.S.C. § 1983, between 1/1/2011 and 12/12/2017." The County's motion to quash is DENIED as to request for production #5.

- *Request for Production #6*: Produce all citizen complaints that have been made against any Snohomish County Sheriff's Office Employee for use of excess force, illegal search and or/illegal seizure, that were filed between 1/1/2011 and 12/31/2017. For purposes of this interrogatory citizen complaint is a written or oral statement setting forth the allegation that a member of the Snohomish County Sheriff's Office acted [a] unprofessionally; [b] used unnecessary or excessive force; [c] illegally or improperly detained or arrested a person; [d]

> illegally or improperly entered and/or searched a person or property; or [e] retaliated against a person due to their speech. Any informant or witness identifying information should be redacted at this stage. Investigation reports should be included along with any statements or interviews. Any physical evidence collected should be included by photographic means. (*Id*. at 9.)

Although the request for production seeks information that could be relevant to Plaintiff's claim, the request is both duplicative of request for production #5 and overly broad. Plaintiff's request for "citizen complaints" regarding the use of excessive force and illegal searches is partially inclusive of the records and information regarding legal actions against the Sheriff's Department for First and Fourth Amendment violations during the same period. Moreover, Plaintiff's definition of "citizen complaints"—to include both written and oral statements that contain allegations that a member of the Sheriff's Department was "unprofessional"—is extremely broad and would lead to the production of a great deal of records that are irrelevant to Plaintiff's claims. For example, the request seeks information regarding incidents involving illegal arrests or searches, which are not at issue in this case. Further, this request would be particularly burdensome for the County because it seeks not only complaints, but investigation reports, statements, interviews, and photos of any physical evidence. Therefore, the Court FINDS that request for production #6 places an undue burden on the County, and its motion to quash is GRANTED as to request for production #6.

- *Request for Production #7*: Produce all reports, memorandum, written or recorded notes or electronically stored communications (e-mails, voice mails etc.) that were created by Deputy Dill, Deputy Rogers, Deputy Sorensen or any Sheriff's Department Officer with the rank of Sgt. or higher between 01/01/2011 and 12/31/2017 that references, refers or relates to the Sheriff's Departments interactions (past and/or future) with Willie Russell. (*Id*. at 9.)

The requested information is entirely duplicative of request for production #1, which the Court has ordered the County to answer. Request for production #1 seeks reports, memorandum, e-mails, and audio recordings created by any employee of the Snohomish County Sheriff's Department that mention Plaintiff by name. (*Id*. at 8.) Although request for production #7 seeks a more specific subset of information from specific deputies, the request falls entirely within the

items sought by request for production #1 over the same period. Requiring the County to produce this duplicative information would create an undue burden. Therefore, the County's motion to quash is GRANTED as to request for production #7.

- *Request for Production #8*: Produce all reports, memorandum, written or recorded notes or electronically stored communications (e-mails, voice mails, etc.) that were created by Officers Z. Brown, or Berg, or Zoellin, or Miller, or Sorenson, or Dill, or Dusevior between 01/01/2011 and 12/31/2017 that references, references or relates to any call for service involving Willie Russell. (previously produced reports need not be produced again.) (*Id*. at 9.)

The requested information is entirely duplicative of request for production #1, which the Court has ordered the County to answer. Request for production #1 seeks reports, memorandum, e-mails, and audio recordings created by any employee of the Snohomish County Sheriff's Department that mention Plaintiff by name. (*Id*. at 8.) Although request for production #8 seeks a more specific subset of information from particular deputies, the request falls entirely within the items sought by request for production #1 over the same period. Requiring the County to produce this duplicative information would create an undue burden. Therefore, the County's motion to quash is GRANTED as to request for production #8.

## III. CONCLUSION

For the foregoing reasons, non-party Snohomish County's motion to quash (Dkt. No. 35) is GRANTED in part and DENIED in part. In accordance with the Court's order:

1. No later than May 21, 2019, the County shall produce all documents and information that are responsive to Plaintiff's request for production #1. (Dkt. No. 36 at 8.)
2. No later than May 21, 2019, the County shall produce all documents and information that are responsive to request for production #5 as modified by the Court in this order.
3. The Court QUASHES Plaintiff's subpoena as it pertains to requests for production #2, #3, #4, #6, #7, and #8. (*Id*. at 8–9.)

//

//

1       DATED this 6th day of May 2019.

                                                *John C. Coughenour* (signature)

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-0827-JCC
PAGE - 8