THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIE RUSSELL, | CASE NO. C18-0827-JCC |
| Plaintiff, | ORDER |
| v. | |
| DEPUTY SHERIFF ZOELLIN, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion for leave to amend (Dkt. No. 38). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

This is a civil rights action, in which Plaintiff alleges that Defendants, several Snohomish County Sheriff's deputies, illegally entered his property and used excessive force against him during an incident on June 16, 2017. (Dkt. No. 1 at 5.) Plaintiff initially named as Defendants Snohomish County Deputy Sheriffs Zoellin, Berg, and Rogers, Snohomish County Deputy Sheriff Sergeant Dill, and "Does 1–10, who are law enforcement officers from the Snohomish Sheriff's Officer, the DOC and other Washington State law enforcement agencies, inclusive." (*Id*. at 2.) Plaintiff's wife, Christine Harper, was also initially a plaintiff in this lawsuit, but she voluntarily dismissed her claims against Defendants in January 2019. (Dkt. No. 14.)

Plaintiff now seeks leave to amend his complaint in order to: (1) remove Ms. Harper from

the complaint; (2) include the names of some of the Doe defendants that have since been identified through discovery; and (3) remove certain state law claims that were asserted in the complaint. (*See* Dkt. No. 38.) Defendants object to Plaintiff's motion because the proposed first amended complaint includes incorrect information regarding some of the Defendants' names, it still contains several allegations related to Ms. Harper's claims that have since been dismissed, and it contains allegations that appear to assert a *Monell* theory of liability without Snohomish County being named as a Defendant. (*See* Dkt. No. 44.) In his reply, Plaintiff acknowledges that several of the issues raised by Defendants should, and will, be corrected in his first amended complaint. (*See* Dkt. No. 45 at 1–2.)

District courts are afforded discretion to grant leave to amend and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).[1] The generosity in granting leave to amend is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003). Courts are to consider five factors in granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the pleading has previously been amended. *See, e.g. United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

None of the above factors weigh against granting Plaintiff leave to amend. There is no suggestion that Plaintiff seeks to amend his complaint in bad faith or that Defendants would be prejudiced by the proposed amendment. Plaintiff seeks to include additional information gained through discovery and to remove many of the allegations related to Ms. Harper's claims, which have since been dismissed. Plaintiff has not previously amended the complaint, and none of the proposed amendments appear to be futile. Regarding Defendants' assertions pertaining to *Monell*

---

[1] Plaintiff must also demonstrate that there is "good cause" for the amendment because its motion for leave to amend was filed after the deadline for pleading amendments under the Court's scheduling order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); (Dkt. No. 12). The Court concludes that Plaintiff has demonstrated good cause because the proposed amendment is primarily based on information gained through depositions that occurred after the pleading amendment cutoff date. (*See* Dkt. Nos. 12, 38.)

ORDER
C18-0827-JCC
PAGE - 2

liability, that issue is not before the Court, as Plaintiff does not seek to add Snohomish County as a party in its proposed amended complaint, or seek to allege a *Monell* claim.

For those reasons, Plaintiff's motion for leave to file an amended complaint is GRANTED. Plaintiff shall file his amended complaint no later than May 22, 2019. The amended complaint shall conform with the proposed complaint filed under Docket Number 38, and include the changes outlined in Plaintiff's reply brief. (Dkt. No. 45 at 1–2.) The amended complaint shall not include any additional claims, allegations, or parties that were not included in the proposed amended complaint. (Dkt. No. 38.)

DATED this 17th day of May 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE