UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIE RUSSELL, | CASE NO. C18-0827-JCC |
| Plaintiff, | ORDER |
| v. | |
| DEPUTY SHERIFF ZOELLIN, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's counsels' motion for leave to withdraw as counsel (Dkt. No. 47). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

The Court has summarized the facts of this case in a prior order and will not repeat them here. (*See* Dkt. No. 43.) Plaintiff's counsel requests leave to withdraw because of the breakdown in the attorney-client relationship and Plaintiff's refusal to comply with discovery obligations or follow counsels' advice. (Dkt. No. 48 at 3.) Counsel also states that Plaintiff "terminated the relationship between himself and his counsel." (*Id.* at 2.) Plaintiff disputes counsels' version of events. (Dkt. No. 53 at 1-2.)

On February 28, 2019, Defendants filed a motion for summary judgment. (Dkt. No. 22.)

1  In response, Plaintiff moved for a continuance pursuant to Federal Rule of Civil Procedure 56(d),
2  which the Court granted on April 22, 2019. (Dkt. No. 40.) Defendants were ordered to file their
3  renewed motion for summary judgment no later than June 14, 2019, with Plaintiff's response due
4  by June 28, 2019. (*Id*. at 2.) Discovery closed on May 13, 2019 and Plaintiff's counsel filed their
5  motion to withdraw on May 22, 2019. (Dkt. Nos. 12 and 47.)

## II. DISCUSSION

No attorney shall withdraw an appearance without leave of court if the withdrawal will leave the client without representation. W.D. Wash. Local Civ. R. 83.2(b)(1). An attorney will ordinarily be permitted to withdraw until 60 days before the discovery cut-off date. *Id*. The decision to deny or grant counsel's motion to withdraw is within the discretion of the court. *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982).

Plaintiff's counsel argue that they should be allowed to withdraw because good cause exists. Wash. RPC 1.16(b)(7). However, a court may deny a motion to withdraw if it will have a materially adverse effect on the client. Wash. RPC 1.16(b)(1). After considering Plaintiff's counsels' arguments, the Court finds that withdrawal is appropriate under the circumstances, and any prejudice that Plaintiff might face can be dealt with through a continuance of the trial date. Defendants did not object to the motion to withdraw, and the Court has not previously continued trial.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's counsels' motion for leave to withdraw as counsel (Dkt. No. 47) is GRANTED. The Court ORDERS as follows:

1. The trial date currently scheduled for September 9, 2019 is hereby VACATED.
2. All pretrial deadlines are hereby VACATED. This includes the briefing schedule for Defendants' motion for summary judgment previously established by the Court. (*See* Dkt. No. 40.) Defendants are DIRECTED to not file a motion for summary judgment until after the Court holds a status conference to establish a new case scheduling order as explained below.

3. The parties shall appear for a status conference before the Court on July 16, 2019 at 9:00 a.m. in Courtroom 16229 of the U.S. District Courthouse, 700 Stewart Street, Seattle, WA 98101.

4. In the time between the issuance of this order and the status conference, Plaintiff shall attempt to obtain new counsel or decide whether he wants to represent himself *pro se*.

5. Plaintiff's counsel is DIRECTED to provide Plaintiff with a copy of this order and to ensure that he is aware of the status conference.

DATED this 13th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE